## EVIDENCE CONTAINED IN BOOKS AND RECORDS OF OPPOSITE PARTY.

Common Pleas Court of Hamilton County.

MAX WEIL v. L. MUNDET & SON, INC.

Decided, February 4, 1924.

*Evidence—Right of Party to Compel Production of Books and Records—Application of Section 11551, Relating to Evidence Pertinent to the Issue.*

Where, from the record, it is apparent that the books and records of the opposite party contain evidence pertinent to the issue, an order will be made, under Section 11551, on motion. and proper notice, requiring the production at the trial of designated books and records in the forum of the trial court, and the fact that the production will put the party ordered to produce same to some expense and inconvenience will not ordinarily be considered.

*S. Geismar,* for the motion.

*W. F. Fox,* contra.

DIXON, J.

Heard on motion of the plaintiff to compel the defendant to produce at trial of this cause certain books and writings alleged to be in defendant's possession.

Plaintiff claims in his second amended petition that the defendant, a New York corporation, employed him as a salesman and branch manager in Cincinnati; and that as such employee he was to receive under the terms of his employment a commission of twenty per cent on all goods sold and delivered by defendant either directly by or through the Cincinnati branch, or indirectly by or through the main office in New York, in a territory designated and assigned to the Cincinnati branch, which territory included a part of the state of Ohio, part of the state of Indiana, and the states of Kentucky, Tennessee and West Virginia.

Plaintiff further sets forth in seven specific causes of action his claims for money and compensation due him from the defendant and prays for an accounting and judgment for the

specific sums of $2,500 and $50, with interest as specified in his first and second causes of action, and for such other compensation as such accounting may disclose to be due him, as claimed in his petition under his contract of employment with the defendant.

With respect to the amounts which plaintiff claims are due him under his 3d, 4th, 5th, 6th and 7th causes of action, the plaintiff avers that he has no knowledge or means of determining the exact amount due him, as claimed in these specific causes of action, for the reason that he has no access to defendant's books, which said books are kept by the defendant in its office in the state of New York; and that said books only can disclose the exact amounts due plaintiff under these causes of action. He further avers that he has demanded an inspection and examination of the books of the defendant, and demanded an accounting thereunder, but that the defendant has denied him the right to have access to its books.

Defendant in its answer admits that the plaintiff was employed by it as a salesman and agent in its branch warehouse in Cincinnati, and then after denying specifically the claims of plaintiff made in the seven causes of action stated in his petition, say that all matters and things involved under and by virtue of the contract of employment were settled and accounted for, and due credit given plaintiff for the matters and payments to which he was entitled, and that such accounting showed that the Cincinnati business had been conducted at a loss; and that there was nothing due plaintiff under the contract.

Plaintiff's motion is authosized by Section 11551 of the General Code, which as far as it pertains here reads as follows:

"Upon motion, and reaonable notice thereof, the court, in which an action is pending, may order the parties to produce books and writings in their possession or power *which contain evidence pertinent to the issue,* in cases and under circumstances where they might heretofore have been compelled to produce them by th ordinary rules of chancery."

And Section 11552:

"Either party, or his attorney, in writing, may demand of the adverse party an inspection and copy, or permission to take a copy, of a book, paper, or document in his possession, or under his control, containing evidence relating to the merits of the action or defense, specifying the book, paper, or document with sufficient particularity to enable the other party to distinguish it."

It is evident, therefore, from his motion and the affidavit filed in support thereof, that plaintiff is not seeking an "inspection" of any books, papers or documents in defendant's possession as provided by Section 11552, but is asking for an order to compel the defendant to "produce books and writings" which the plaintiff claims contain evidence pertaining to the issue in this cause in accordance with the provisions of Section 11551.

The purposes of these two sections and other kindred sections which follow in the code, were to substitute for the ancient equitable action for discovery as it existed under the common law, a more expeditious, and less cumbersome method of enabling one party to an action to obtain information necessary to proceed with the establishment of his claim, or defense from the adverse party.

It will be observed from a reading of Section 11551 that the court may order parties to produce books and writings in their possession when such books and writings "contain evidence pertinent to the issue," and further that the court may do so "in cases and under circumstances where they might heretofore have been compelled to produce them by the ordinary rules of chancery."

In *Ex parte Schoepf*, 74 O. S., 1, at page 14 the court say:

"The rule in chancery as to compelling the production of documents for the purposes of evidence and inspection is generally recognized and clearly defined. It is to the effect that a plaintiff is entitled to a discovery of such facts or documents in the defendant's possession or under his control as are material and necessary to the plaintiff's case."

In *Arbuckle et al* v. *Woolson Spice Co.*, 21 O. C. C. (N.S.), 347, plaintiffs filed a motion for an order to permit them to inspect certain books of the defendant company under what is now Section 11552 of the General Code. Defendants strenuously opposed the granting of the motion upon various grounds, among which was the claim that the parties were rivals in business, and that to allow the plaintiffs to inspect the books of the defendants would enable the former to obtain information which they were not entitled to have. In the course of its opinion the court say, on page 351:

"It was said that we ought not to allow this order because courts will not allow an order of this kind where the parties can compel the production of the books by a subpoena *duces tecum*. We do not so construe the statute. The parties who made the code intended to do away with a good many things which had existed prior to that time, and which had grown up under the old common law practice. They declare that the whole structure of the code is for the purpose of justice and they seem to have opened the doors as wide as they could for the conveyance of information to and throwing light upon the matters before the court, and to enable the parties to produce evidence, to the end that the court may decide a matter according to the general principles of law and according to the justice of the case. We do not think that that objection is tenable; we do not think that the granting of the motion would make a material difference with the parties.

\*          \*          \*          \*

It seems to us that the parties plaintiff should have the right to obtain all necessary evidence relevant to the issues, even to examining the book for evidence before the trial and final judgment of the court on the case."

The motion of the plaintiffs was granted in that case, and conferred upon them the right to inspect and make copies of practically all of the books, letters, papers, documents and records of every kind and description in the possession of the defendant company.

We have carefully examined all of the authorities submitted to us by counsel for defendant in opposition to plaintiff's mo-

tion, and we are unable to find in these authorities, when considered in connection with the order which plaintiff seeks to have made, the language of the Ohio statute under which he is moving, and the practice which obtains in this state with reference to the application of this and kindred statutes as disclosed by Ohio authorities, anything that convinces us that plaintiff is not entitled to have the order made as requested.

As we read the Fleischmann case, 65 N. Y. S., page 93, the court ordered the defendants to bring to New York from Cincinnati the books, accounts and other documents called for by the plaintiffs motion; the plan suggested by counsel for defendants that plaintiffs come from New York to Cincinnati where the books were located, and inspect the same, was not adopted. In the last paragraph of the opinion the court said.

"Enough I think is shown in the moving papers to bring this case within the general rules 14 and 15 of the court. The granting of such orders is largely discretionary and such discretion should be liberally exercised to enable parties to properly prepare for trial."

In *Hausman* v. *Sterling,* 61 Barb., 347, plaintiff's application for an order to compel the production of books and papers by the defendant was denied because the plaintiff did not proceed in accordance with the statute which pointed out "the only mode by which a discovery of books and papers can be obtained, before trial."

In *Jewell* v. *Franklin Life Insurance Co.,* 148 Ga. 577, the order requested by the plaintiff was so comprehensive as to practically require the defendant life insurance company to move its entire office from the state of Illinois to the state of Georgia, and the order also called for documents which were in the possession of the state superintendent of insurance for the state of Illinois, and the order asked for further called for "a great mass of irrelevant matter." Under such circumstances it would appear that in view of the defendant's offer to allow plaintiff to inspect and make copies of such of its books and records as plaintiff desired, that the court refused to seriously

interfere with the conduct of defendant's business, and denied the plaintiff's motion.

In *Dowden* v. *Walrus Mfg. Co.*, 205 S W., 258, the court, it is true, held—

"The mere allegation that the evidence is material and necessary will not do, since that is a mere conclusion of the pleader. But the fact should be alleged showing how and why the production or inspection is necessary so that the court may know and determine for itself the necessity thereof."

We think it clearly appears from the petition of the plaintiff and the nature of the relief sought to be obtained by the plaintiff, that a production of defendant's books as requested by the plaintiff is absolutely necessary to enable him to proceed with the trial of his case.

This same case also holds that the application will not be granted if the facts to be proved by the books can be otherwise established.

We do not know, at least it is not apparent to us, how the information which plaintiff seeks to obtain can be obtained from any other source than the books of the defendant

While *Jenkins* v. *Bennett*, 44 S. C., 393, is authority for the proposition that under the practice as it obtains in South Carolina an "inspection" will not be allowed when it does not appear that a request to make an "inspection" was made and refused, the request of the plaintiff in the case at bar is not for an "inspection" but is for an order to compel the defendants to produce certain books and papers, which order it clearly appears defendant is strenously opposing.

The practice which obtains in New York as indicated by *Conrady* v. *Buhre*, 133 N. Y. S., 245, of first requiring the plaintiff in an action for an accounting in which an inspection of books and papers in the control of the defendant is demanded, to first come into court and establish the contract he claims he had with the defendants as a condition precedent to his right to proceed with the balance of his cause of action, certainly does not obtain in Ohio. Our courts here, according

to our practice in such a case, would determine all of plaintiff's
rights in one hearing, as will be done in this case; if the plain-
tiff proves the contract set forth in his petition he should be
permitted, and in fact will be ordered to proceed immediately
at the same hearing to further establish what, if anything, is
due him from the defendant under the contract. If he fails
to prove his contract he will go out of court. But we know of
no reason for requiring a court of this state to sit twice in the
hearing of an action that can be entirely disposed of at one
hearing.

In *Richards, Receiver,* v. *Bunte,* 15 C. C. (N.S.), 401, the
court denied the application of the plaintiff for an order to
produce certain books and papers upon the trial of the cause
in Toledo, chiefly for the reason that the books were in the
custody of the defendant who, as receiver of the Aetna Fire
Association of Cincinnati, was an officer of the court. A read-
ing of the opinion in this case further discloses that the court
on page 404, was talking about an "inspection" of books, pa-
pers and documents, stating that for purposes of inspection
it would not make an order requiring the books to to brought
from Cincinnati to Toledo.

We are not able to find either in Ohio, or elsewhere, any
authority which satisfies us that under the circumstances shown
by the second amended petition, the motion of the plaintiff,
and the affidavit in support thereof, plaintiff is not entitled
to an order compelling the defendant to produce the books
and records set forth in his motion. We are not convinced that
he is "on a fishing expedition" or seeking an inspection of
defendant's books and papers for any ulterior purposes. His
second amended petition discloses that he would be helpless in
the prosecution of his alleged claims without the aid of de-
fendant's books and records. We know of no rule or provision
promulgated in connection with Section 11551 which requires
the plaintiff to go to New York to get the information he seeks
to obtain. Even if he did go, there is no assurance that he
would get what he wanted, and we do not believe he can be

forced or required to rely upon the results of an inspection or the making of copies of defendant's books and records, when the statute clearly gives him the right to compel the production of such books and records in the forum of the trial court, when it appears that such books and records contain evidence pertaining to the issue.

These views are supported by *Arnold* v. *Water Co.,* 18 Rd. Is. 189.    *Tele. Co.* v. *Casualty Co.,* 208 Ill., 562.

The mere fact that it would cause the defendant some inconvenience and expense to comply with an order granting plaintiff's motion is no reason for the denial of such a motion.

If Section 11551 means anything it impliedly subjects parties to actions, both plaintiff and defendant in proper cases to the inevitable expense, inconvenience and annoyance which necessarily follows an order made pursuant to its provisions.

We believe that the plaintiff has a right to have the books and records of the defendant which contain evidence pertaining to the issue made by the pleadings in this case produced in court, inasmuch as they are primary evidence of what they contain.

The motion will therefore be granted.